UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-22022-CV-WILLIAMS
MAGISTRATE JUDGE REID

JOSEPH PEELER,

    Plaintiff,

v.

OFFICER S. FRANCOIS,

    Defendant.
    _____/

**REPORT OF MAGISTRATE JUDGE**
**RE CIVIL RIGHTS COMPLAINT-42 U.S.C. § 1983**

### I. Introduction

Plaintiff, **Joseph Peeler**, while a pre-trial detainee, filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, arising from an incident while confined at the Turner Guilford Knight Pre-trial Detention Center ("TGK") in Miami-Dade County. [ECF No. 1]. Plaintiff sues Correctional Officer S. Francois. [*Id.* at 2]. For the reasons discussed below, the complaint should be dismissed for failure to state a claim upon which relief can be granted.

This case has been referred to the undersigned for issuance of all preliminary orders and recommendations to the district court regarding dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); and, S.D. Fla. Admin. Order 2019-02. [ECF No. 2].

Plaintiff has been granted permission to proceed *in forma pauperis* ("IFP") [ECF No. 5] and is therefore subject to the screening provisions of 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). *See Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007) (finding § 1915(e) applies only to IFP plaintiffs, while 28 U.S.C. § 1915A applies to any suit by a prisoner regardless of whether the prisoner is proceeding IFP or has paid the filing fee) (citations omitted); *Farese v. Scherer*, 342

F.3d 1223, 1228 (11th Cir. 2003) ("Logically, § 1915(e) only applies to cases in which the plaintiff is proceeding IFP.").

## II. Factual Allegations

Plaintiff alleged the following in his complaint. [ECF No. 1]. On March 5, 2020, Plaintiff was returning to his cell with Officer Francois when the officer verbally threatened him and spit on him. [*Id.* at 5]. This happened in the presence of Officer J. Thompkins and was also captured on video. [*Id.* at 9]. Plaintiff alleges that Officer Francois placed the Plaintiff at "undue risk" and denied Plaintiff medical treatment for the emotional and mental anguish caused by Officer Francois's actions. [*Id.* at 6]. Plaintiff seeks $250,000 in damages. [*Id.*].

## III. Standard of Review

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *See Rodriguez v. Scott*, 775 F. App'x 599, 602 (11th Cir. 2019) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Thus, the allegations in the complaint must be accepted as true and construed in the light most favorable to the *pro se* plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). However, a *pro se* filer "still must comply with the Federal Rules of Civil Procedure." *Rodriguez*, 775 F. App'x at 602 (citing Fed. R. Civ. P. 8(a)(2) and *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).

### A. Civil Rights Action - 42 U.S.C. § 1983

Plaintiff filed this civil rights action under 42 U.S.C. § 1983, which allows suits against persons acting under color of state law for violations of federal rights. Thus, § 1983 requires that Plaintiff prove Defendants' conduct "violated a constitutional right and that the challenged conduct was committed under color of state law." *See Stone v. Hendry*, 785 F. App'x 763, 767 (11th Cir. 2019) (citing *Melton v. Abston*, 841 F.3d 1207, 1220 (11th Cir. 2016)).

### B. Prison Litigation Reform Act ("PLRA")

The PLRA, as partially codified at 18 U.S.C. § 1915(e)(2)(B)(i)-(iii), requires courts to screen prisoner complaints and dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Pullen v. Sec'y, Dep't of Corr.*, 2019 WL 5784952, *1 (11th Cir. Sept. 4, 2019) (quoting *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (finding that "an action is frivolous if it is without arguable merit either in law or fact.")).

Under § 1915(e)(2)(B)(ii), a complaint may be dismissed if the court determines that the complaint fails to state a claim on which relief may be granted. *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). The standard for determining whether a complaint states a claim upon which relief can be granted is the same whether under § 1915(e)(2)(B) or Fed. R. Civ. P. 12(b)(6). *See Pullen*, 2019 WL 5784952 at *1 (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).

Pursuant to Fed. R. Civ. P. 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). There is no required technical form, but "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Thus, "a complaint must allege sufficient facts to state a claim that is plausible on its face." *Pullen*, 2019 WL 5784952 at *1 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555 (citations omitted). Plaintiff is obligated to allege "more than mere labels and legal conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indemnity Co.*, 917 F.3d 1249, 1262 (11th Cir.

2019) (quoting *Bell Atl. Corp.*, 550 U.S. at 555).

However, precedent also teaches that a district court is not required to "rewrite an otherwise deficient pleading in order to sustain an action." *Rodriguez*, 794 F. App'x at 603 (quoting *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014) (internal quotation marks omitted) (citation omitted)). Moreover, a district court "should not abandon its neutral role and begin creating arguments for a party, even an unrepresented one." *Sims v. Hastings*, 375 F. Supp. 2d 715, 718 (N.D. Ill. 2005) (citing *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001)). When read liberally, a *pro se* pleading "should be interpreted 'to raise the strongest arguments that [it] suggest[s].'" *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

"Where, as here, the plaintiff is a pre-trial detainee . . . the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment's prohibition against cruel and unusual punishment governs. . ." *See Scott v. Miami-Dade Cty.*, 657 F. App'x 877, 881 n. 4 (11th Cir. 2016) (quoting *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 n. 1 (11th Cir. 2013)). The standard, however, "is the same in both contexts," so that "decisional law involving Eighth Amendment deliberate indifference claims" applies. *See Scott*, 657 F. App'x at 881 n. 4 (citing *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996)).

## IV. Discussion

### A. Abusive-Threatening Language

Construed liberally, Plaintiff sues Officer Francois, claiming his constitutional rights were violated when Francois verbally threatened him and spit on him. [ECF No. 1 at 5].

It is well settled that derogatory, demeaning, profane, threatening or abusive comments made by an officer to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation under § 1983. *See Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x

862, 866 (11th Cir. 2008) (holding that inmate's claim of "verbal abuse alone is insufficient to state a constitutional claim"); *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (finding verbal taunts, even if distressing, directed at inmate by jailers do not violate inmate's constitutional rights).

Plaintiff fails to state sufficient facts upon which relief can be granted. To survive screening, he must allege a nonconclusory claim showing he is entitled to relief. *Lambert v. United States*, 98 F. App'x 835, 839 (11th Cir. 2006) (inmate's conclusory allegations were insufficient to establish a medical malpractice claim). "Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677. The Plaintiff's claim that Officer Francois used verbal threats when addressing the Plaintiff should be dismissed because Plaintiff has not demonstrated sufficient facts to warrant relief.

In addition, the courts have held that spitting on an inmate, without more, is insufficient to constitute a valid excessive force claim because spitting only results in *de minimus* injuries. *See Hilton v. Sec'y for Dept of Corr.*, 170 F. App'x 600, 604 (11th Cir. 2005) (holding that because *de minimus* use of force cannot support an excessive force claim, an incident where the defendant spit tobacco on the plaintiff was insufficient to survive screening under 18 U.S.C. § 1915) (citing *Skrtich v. Thornton*, 280 F.3d 1295, 1302 (11th Cir. 2002)).

### B. Mental and Emotional Injuries

"Under § 1997e(e), a prisoner may not bring a federal civil action for damages for mental or emotional injury suffered while in custody absent a showing of physical injury." *Johnson v. Patterson*, 519 F. App'x 610, 612 (11th Cir. 2013) (internal citations omitted). "Federal civil actions" includes all federal claims and constitutional claims. *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2000) (citing *Harris v. Garner*, 216 F.3d 970, 984-85 (11th Cir. 2000) (en banc).

To satisfy § 1997e(e), a prisoner must allege "the physical injury must be more than *de minimis*, but need not be significant." *Quinlan v. Personal Transport Serv's. Co., LLC*, 329 F. App'x 246, 249 (11th Cir. 2009) (internal citations omitted). Section 1997e(e) is an affirmative defense but comes within the purview of the district court's screening under the PLRA where the allegations of the complaint show that it would bar recovery. *See Douglas v. Yates*, 535 F.3d 1316, 1320-21 (11th Cir. 2008); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007).

The Eleventh Circuit has not adopted a definition of *de minimus*. *Thompson v. Sec'y, Fla. Dep't of Corr.*, 551 F. App'x 555, 557 n. 3 (11th Cir. 2014). The Court has noted, however, that it is more than *de minimus* where it has been described as "an observable or diagnosable medical condition requiring treatment by a medical care professional." *Id.* (*citing Luong v. Hatt*, 979 F. Supp. 481 (N.D. Tex. 1997)).

Here, Plaintiff's allegations that he suffered only mental and emotional distress is no more than *de minimus* injury. [ECF No. 1 at 6]. As such, Plaintiff's claims for mental and emotional injuries should be dismissed.

## V. Conclusion

Plaintiff's allegations fail to state a viable § 1983 claim against the named Defendant warranting dismissal of the entire complaint. Although district courts must liberally construe *pro se* pleadings, as indicated above, the courts are not required to rewrite complaints to state a viable cause of action where one does not otherwise exist. *GJR Invs. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) ("[I]n the case of *pro se* litigants [the] leniency [afforded] does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action[.]").

## VI. Recommendations

Based upon the foregoing, it is recommended that:

1. Plaintiff's complaint [ECF No. 1] be DISMISSED for failure to state a claim upon which relief can be granted under § 1915(e) and as frivolous, *Carroll v. Gross, et al.*, 984 F.2d 392, 393 (11th Cir. 1993); and,

2. the case CLOSED.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar Plaintiff from a *de novo* determination by the District Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

SIGNED this 13th day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: **Joseph Peeler**
180163045
Turner Guilford Knight
Correctional Center
7000 NW 41st Street
Miami, FL 33166
PRO SE